**Bruce GILMORE, et al., Petitioners**

v.

**FEDERAL COMMUNICATIONS COM-MISSION and United States of America, Respondents.**

No. 05–1413.

United States Court of Appeals, District of Columbia Circuit.

April 3, 2006.

Robert E. Williams, Buehler & Williams, Chicago, IL, for Petitioners.

Daniel McMullen Armstrong, Associate General Counsel, Gregory M. Christopher, Counsel, John Edward Ingle, Deputy Associate General Counsel, Richard Kiser Welch, Counsel, Joseph R. Palmore, Samuel Louis Feder, General Counsel, Federal Communications Commission, Thomas Overton Barnett, Steven Jeffrey Mintz, U.S. Department of Justice, Washington, DC, for Respondents.

Before GINSBURG, Chief Judge, and SENTELLE and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM

This appeal was considered on the record from the Federal Communications Commission and on the briefs of the parties pursuant to D.C. Circuit Rule 34(j). It is

ORDERED AND ADJUDGED that the petition for review be denied for the reasons stated in the order under review. The petitioners forfeited several arguments by failing to raise them in a petition for reconsideration. *See* 47 U.S.C. § 405(a); *Freeman Eng'g Assocs., Inc. v. FCC*, 103 F.3d 169, 182 (D.C.Cir.1997). In any event, their challenges to the order, in which the Commission concluded Cingular's imposition of a corporate account administration fee did not violate Sections 201(b) and 202(a) of the Communications Act, lack merit. Where possible the Commission "has regulated [mobile service providers] ... through competitive market forces," *Kiefer v. Paging Network, Inc.*, 16 F.C.C. Red 19,129, 19,131 (2001), and its precedent does not require a provider's charges be tied to specific costs incurred in order to satisfy § 201(b). *See id.* The Commission in this case did not err in determining the relevant market was competitive and the administration fee was not "unjust" or "unreasonable." 47 U.S.C. § 201(b).

Nor did the Commission err in concluding Gilmore failed to demonstrate Cingular's corporate and non-corporate services were "functionally equivalent," *Beehive Tel., Inc. v. Bell Operating Cos.*, 12 F.C.C. Red 17,930, 17,964 (1997), a prerequisite for showing a carrier engaged in "any unjust or unreasonable discrimination" in violation of § 202(a). As the Commission noted and the record makes clear, Cingular offered corporate customers several services to which non-corporate customers were not entitled, including several calling features and replacement phones, at no additional charge.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.